## UNITED STATES DISTRICT COURT      EASTERN DISTRICT OF TEXAS

MICHAEL DAVID PEYTON,      §
     §
        Movant,      §
     §
*versus*      §    CIVIL ACTION NO. 1:22-CV-36
     §
UNITED STATES OF AMERICA,      §
     §
        Respondent.      §

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Michael David Peyton, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Movant challenges the sentence imposed as a result of a conviction for conspiring to possess methamphetamine with the intent to distribute.

The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion to vacate be denied.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Movant filed objections. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Movant asserts two grounds for review. Initially, he states he received ineffective assistance of counsel on appeal because appellate counsel failed to challenge the amount of methamphetamine he was held responsible for at sentencing. Movant further contends appellate

counsel was ineffective because he did not challenge an increase in his offense level based upon possession of a weapon.

At sentencing, movant was held responsible for 2.4 kilograms of methamphetamine (actual).  This amount included: (1) 68.63 grams found in a green backpack movant admitted to carrying; (2) 4.29 grams found in the purse of Wendimere Simmons, a co-conspirator, and (3) 2.33 kilograms found in a hotel room rented by the Ms. Simmons.  The Factual Basis and Stipulation signed by movant stated he told law enforcement officers that Sarah Alred, another co-conspirator, left a large amount of methamphetamine in the hotel room.

In his objections, movant states that while he stipulated to being responsible for at least 50 grams of methamphetamine, he did not admit to being responsible for 2.4 kilograms.  He states he didn't know there was 2.33 kilograms in the hotel room and that it was not reasonably foreseeable that the conspiracy involved that much methamphetamine.

Section 1B1.3(a)(1) of the United States Sentencing Guidelines provides that the amount of drugs involved in an offense includes the drugs for which a defendant is directly responsible and the drugs that can be attributed to him in a conspiracy.  For a defendant to be held responsible for the drugs possessed by a co-conspirator, the co-conspirator's conduct must have been reasonably foreseeable to the defendant.  *United States v. Ceja-Vargas*, 630 F. Appx. 341, 341 (5th Cir. 2016) (citing *United States v. Carreon*, 11 F.3d 1225, 1230 (5th Cir. 1994)).

As the magistrate judge stated, movant admitted in the Factual Basis that he told law enforcement officers Ms. Alred left a large amount of methamphetamine in the hotel room.  The record gives no indication that the amount of methamphetamine found in the hotel room would not have been reasonably foreseeable to movant.  In light of what movant admitted, and the absence

2

of evidence to support an argument that movant could not have reasonably foreseen the conspiracy involving that amount of drugs, appellate counsel's failure to raise this ground for review on appeal did not result in prejudice.

Pursuant to Section 2D1.1(b)(1) of the Sentencing Guidelines, movant's offense level was increased by two levels based on possession of a firearm. The Factual Basis stated a firearm was found in the purse of Ms. Simmons. The purse was seized by law enforcement officers after a vehicle driven by movant was stopped. Ms. Simmons was a passenger in the vehicle. The Factual Basis states the green backpack containing methamphetamine was also in the vehicle.

Movant states he had no idea Ms. Simmons had a firearm in her purse. He also asserts it was not reasonably foreseeable that she would be carrying a firearm.

Possession for the purpose of Section 2D1.1(b)(1) can be found if the defendant could have reasonably foreseen that some other person involved in the offense would possess a weapon. *United States v. Blanton*, 833 F. App'x 595, 596 (5th Cir. 2021) (citing *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010)). Moreover, firearms are "tools of the trade" for individuals engaged in illegal drug activities. *United States v. Cooper*, 979 F.3d 1084, 1090 (5th Cir. 2020).

Movant admitted the firearm was found in the purse of a co-conspirator in a car containing methamphetamine which was driven by him. In light of the activities the co-conspirators were engaged in, the magistrate judge correctly concluded movant could have reasonably foreseen Ms. Simmons would be in possession of a firearm at that time. As a result, counsel's failure to argue to the contrary on appeal did not result in prejudice.

3

**ORDER**

Accordingly, movant's objections (#6) to the Report and Recommendation are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#5) is **ADOPTED**.  An appropriate final judgment will be entered.

Furthermore, the court is of the opinion movant is not entitled to a certificate of appealability in this matter.  An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253.  The standard for issuing a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, the movant need not establish that he would prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether he is entitled to relief is subject to debate among jurists of reason.  The factual and legal questions raised by movant  have been consistently resolved adversely to his position and the questions presented are not worthy of

encouragement to proceed further.  As a result, a certificate of appealability shall not issue in this matter.

**Signed  this date**

**Jun 14, 2024**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE